CV 16 502

JOHNSON, J.

GOLD, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NATASHA NATOO, INDIVIDUALLY
AND ON BEHALF OF A.J, AN INFANT UNDER
18 YEARS AS HIS LEGAL GUARDIAN

          Plaintiff,

Civ.

vs.

**COMPLAINT/
JURY DEMAND**

THE CITY OF NEW YORK, POLICE OFFICER
WILLIAM ELIAS (SHIELD # 2640), POLICE
OFFICER FLORES (first name and shield #
unknown at present, 67th Precinct), SERGEANT
ALI MIRANDA (SHIELD # 2751),

          Defendants
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.    This is an action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiffs were deprived of their constitutional and common law rights when the individual defendants utilized unreasonable and excessive force, and unlawfully committed an unwarranted and malicious assault and battery on plaintiffs. Defendants deprived plaintiffs of their constitutional and common law rights when they caused the unjustifiable arrest of plaintiffs and unlawfully confined plaintiffs.

## JURISDICTION



1

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, and the doctrine of supplemental jurisdiction over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. The plaintiffs Natasha Natoo and A.J., a minor under 18 years of age, represented herein by his mother and natural guardian, Natasha Natoo.

6. The plaintiffs are Lawful Permanent Residents of the United States, and is and was at all times relevant herein a resident of the Brooklyn, New York.

7. At all times relevant hereto, P.O. William Elias, shield number 2640, was acting in the capacity of agent, servant, and employee of defendant City of New York, and within the scope of his employment as such.

8. At all times relevant hereto, P.O. Flores, shield number presently unknown, was acting in the capacity of agent, servant, and employee of the defendant City, and within the scope of

2

his employment as such.

9. At all times relevant hereto, Sgt. Miranda Ali, shield number 2751, was acting in the capacity of agent, servant, and employee of the defendant City, and within the scope of his employment as such.

10. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents, and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

11. Defendant City is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, defendant City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

## STATEMENT OF FACTS

12. On February 4, 2013, plaintiff A.J. was a 14 year-old middle school student, exiting a deli on the corner of 34th Street and Snyder Avenue in the County of Kings, City of New York.

13. Plaintiff A.J. was on his way to school from the deli when a truancy police van appeared, approximately at 10:25 AM.

14. After the truancy van stopped, an Officer Elias and Flores got out of the van and immediately started running at Plaintiff A.J. A.J. became scared and ran.

15. Plaintiff A.J. tripped and fell to the ground, at which point he was arrested without probable cause by the officers, at approximately 10:35 AM in the vicinity of New York Avenue and Snyder Avenue in the County of Kings, City of New York.

16. While Plaintiff was still on the ground, Defendant Elias, without any provocation or justification, slammed plaintiff's face against the sidewalk.

17. Plaintiff never struck or attempted to strike any of the defendants.

18. As a result of the defendant slamming plaintiff's face into the concrete, Plaintiff sustained injuries to his forehead and right cheekbone from the brutal acts of said officers without any resistance or threat posed to said officers and was detained and interrogated at the 67th precinct without the presence of his parents. A.J. was transported to Kings County Hospital where he met with his mother Ms. Natoo. After receiving treatment, Ms. Natoo and A.J. were transported back to the 67th precinct.

19. Upon reaching the precinct, Plaintiff Natoo, the mother of A.J., was falsely arrested without probable cause inside the 67th Precinct in the County of Kings, City of New York on or about four o'clock in the afternoon on February 4th, 2013 and was wrongfully imprisoned. While inquiring how her son was injured, she was pushed several times and then slammed to the ground by Sgt. Ali.

20. Plaintiff Natoo was then lifted from then ground and further assaulted in the holding cell

where she was further detained.

21. Plaintiff Natoo was a victim of physical assault and sustained allover physical pain as well as abrasion of her wrists from the brutal acts of said officers, without any resistance or threat posed to said officers, and was denied the Indelible Right to Counsel under New York State Law for refusal by officers upon request to contact an attorney.

22. On February 4th, 2013, the City of New York commenced a proceeding against Plaintiff Natasha Natoo, alleging one count of Obstructing Governmental Administration in the Second Degree in violation of Penal Law 195.05, one count of Resisting Arrest in violation of Penal Law 205.30, one count of Attempted Assault 3rd Degreed With Intent to cause Physical Injury in violation of Penal Law 120.00(1), one count of Disorderly Conduct in violation of Penal Law 240.20(1), one count of Harassment in the 2nd Degree in violation of Penal Law 240.26(1).

23. On February 5th, 2013, the City of New York commenced a delinquency proceeding against Plaintiff A.J., alleging one count of Obstructing Governmental Administration in the Second Degree in violation of Penal Law 195.05, one count of Resisting Arrest in violation of Penal Law 205.30 and one count of Disorderly Conduct in violation of Penal Law 240.20(4).

24. After proceedings in the Kings County Family Court, both of the charges against plaintiff were terminated in his favor when he was granted a pre-fact finding Adjournment in Contemplation of Dismissal.

25. The use of force on plaintiffs by defendants was unreasonable and far in excess of their lawful authority as New York City police officers. The arrests of plaintiffs were made without reasonable or probable cause.

26. In addition to the extensive physical injuries described above, Plaintiff Natoo

5

continues to suffer from ongoing pain and problems as a direct result of the assault by the defendants.

27. As a direct and proximate result of this vicious assault, unlawful arrest and prosecution, and the use of excessive force, plaintiffs suffered and continue to suffer from physical pain, incurred medical expenses, and experienced and continue to experience psychological pain, suffering, isolation, mental anguish, extreme anxiety, panic attacks and other losses.

## FIRST CAUSE OF ACTION

### Violation of Plaintiffs Rights under § 1983, U.S. Constitution, and Fourth Amendment

28. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 27 with the same force and effect as if more fully set forth at length herein.

29. By reason of the foregoing, the Officer Defendants used unreasonable and excessive force against plaintiffs and/or failed to prevent other officers from doing so, and thereby deprived plaintiffs of their rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

30. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

31. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

32. The Officer Defendants acted willfully, knowingly, and with the specific intent to

deprive plaintiffs of their constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

33. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION

### Violation of Plaintiffs Rights under § 1983, U.S. Constitution, Fourth Amendment and Fourteenth

34. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 33 with the same force and effect as if more fully set forth at length herein.

35. By falsely arresting plaintiffs without probable cause, and holding them under arrest for an extended and unreasonable period of time, and/or failing to prevent other officers from doing so, the Officer Defendants deprived plaintiffs of their rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

36. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

37. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

38. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein before alleged.

## JURY DEMAND

40. Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff shall recover compensatory damages in the sum of $20,000,000 against the individual defendants, Police Officer William Elias, Police Officer Flores, Sgt. Ali Miranda, and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $2,000,000 against the individual defendants, jointly and severally.

    a. That the plaintiffs recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

    b. That the plaintiffs have such other and further relief as the Court shall deem just and proper.

DATED:   January 31, 2016
         New York, New York

RICHARD P. REYES, ESQ. (RR 8457)
LAW OFFICE OF RICHARD P. REYES, P.C.
305 Broadway, 9th floor
New York, New York 10007
(917) 572-8487