**The Law Office of Richard P. Reyes**
**305 Broadway, Suite 1001**
**New York, NY 10007**
**(917)572-8487**

August 11, 2016

**BY ECF**
Honorable Steven M. Gold
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: <u>Natoo v. City of New York ed al</u>,  16 CV 502 (SG)(SMG)

Your Honor:

  I write to respectfully request leave to withdraw as counsel for the Plaintiffs.  Ms. Natoo and A.J and I have mutually agreed that I would make this request of the Court.  Counsel for the Defendants takes no position as to my request.  A.J. has now reached the age of majority and is no longer a minor.

**Background Facts**

  On May 11, 2016, we had a preliminary conference and set a discovery schedule.  Discovery is due to close on September 12, 2016.  Initial disclosures have been exchanged.  There are still pending requests for documents and releases.  Tentative dates for depositions were set.

  We are schedule for our next conference on September 22, 2016.

  In the event that the Court grants this motion, Ms. Natoo has informed me that she is currently seeking counsel to take over the case.

  Also, should the court grant this motion, we would request a 60 day enlargement of the discovery deadline.  No other requests to extend discovery have been made.  Counsel for the Defendants consents to the request for an enlargement of the discovery deadline.

**Motion To Withdraw**

  Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern District of New York governs the withdrawal of counsel.  Rule 1.4 provides in relevant part that an attorney who has appeared as attorney of record for a party must seek "leave of the Court granted by order" to withdraw, and sets forth various facts the

moving attorney must provide the Court in support of the application.  Local Civil Rule 1.4.  For example, the Court considers both "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding."  Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp.3d 441, 444 (S.D.N.Y. 2014).

The reason for this motion is the Plaintiffs' and my mutual agreement that I withdraw.  Rule 1.16(c)(10) of the New York Rules of Professional Conduct states that "a lawyer may withdraw from representing a client when . . . the client knowingly and freely assents to termination of employment."

The posture of this case demonstrates that no Party will experience any prejudice if the instant motion is granted. While discovery began, it is still at the preliminary stages and the Plaintiffs can have their new attorney conduct the depositions.

As stated above, Counsel for the Defense takes no position as to my request to withdraw but does consent to my request to enlarge the discovery deadline.

Finally, I disavow any retaining or charging lien in this case, a fact which I have communicated to Ms. Natoo and A.J.

**Conclusion**

In light of the foregoing, I respectfully request that the Court grant this consent motion for leave to withdraw as counsel for the Plaintiffs.

Respectfully submitted,

_____/s/_____
RICHARD P. REYES, ESQ. (RR 8457)
305 Broadway, Suite 1001
New York, New York 10007
(917) 572-8487

**By ECF**
To:   Evan Brustein, Esq.
      *Special Federal Litigation Division*
      New York City Law Department
      100 Church Street
      New York, New York 10007